[Crim. No. 8642.   Second Dist., Div. Four.   Nov. 22, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. WALLACE DEAN CLINE, Defendant and Appellant.

Wallace Dean Cline, in pro. per., and Albert C. Garber, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Jack E. Weber and Norman H. Sokolow, Deputy Attorneys General, for Plaintiff and Respondent.

BURKE, P. J.—Defendant was charged in count 1 with assault with a deadly weapon, a sawed-off shotgun, on a police officer (Pen. Code, §§ 245, subd. (b), and 12022); in count 2 with possession of a sawed-off shotgun concealable on the person having a barrel less than 12 inches long (Pen. Code, § 12021); and in count 3 with possession of a sawed-off shotgun with barrel less than 18 inches long (Pen. Code, § 12020). Prior felony convictions for robbery and burglary were alleged and subsequently a prior conviction for grand larceny was added to the charges.

Appellant was acquitted by a jury of count 2 and convicted of the first and third counts. A motion for new trial was denied and probation was denied. No sentence was imposed as to count 3, as only one act was involved. Appellant was sentenced to state prison for the term prescribed by law as to count 1 and was adjudged a habitual criminal under section 644, subdivision (a), of the Penal Code, the court reserving the right to alter provisions as to the habitual status within 60 days. Defendant appeals.

On March 1, 1962, a passing motorist saw defendant, with a rifle in his hand, near a gas station and telephone booth in Glendora. The motorist reported to a sheriff's patrol car and two deputy sheriffs proceeded to the service station and observed a man standing in the rear; an employee was in the building at the cash register; the lights of the station were off except inside the building and a light shone in the phone

booth outside the station. The man outside began to run and appeared to be wearing a mask and carrying a sawed-off shotgun. The officers pursued on foot commanding defendant to halt, and after an exchange of shots, during which both defendant and an officer were wounded, defendant was cornered in a doorway. The police ordered him to throw down his gun. He complied. There was an empty casing in the chamber of defendant's shotgun. Near defendant on the ground were found some empty shotgun shells, a Halloween-type mask, a gray hat and a pair of gloves.

Defendant denied the commission of the offenses charged. He testified that he went to La Puente the evening of the crime to find some work. A friend had driven him there and left him, and defendant was endeavoring to locate a certain Arthur Smith who had told him of available work in the area. He did not have a gun or rubber mask. He wore a trench coat. As he approached the scene of the crime he heard gunshots and knowing he had a record became concerned. He passed the driveway of the corner house, saw someone running and started to make a hasty retreat when he was hit with a magnum shot.

Defendant admitted five prior felony convictions.

■ Court-appointed counsel filed a brief giving a complete review of the evidence adduced at the trial. He concedes the evidence is sufficient to sustain the verdict. He takes issue with the determination that defendant was adjudged a habitual criminal under the provisions of section 644, subdivision (a), of the Penal Code. He contends that at the time of the enactment of the latter section in 1923 Penal Code section 245, subdivision (b), adopted in 1961, was not in existence and section 644, subdivision (a), has not been subsequently amended to include assault with a deadly weapon upon a police officer (§ 245, subd. (b)) within the list of crimes enumerated therein. Defendant contends that a new crime was created by section 245, subdivision (b), and under the "strict construction" requirements, unless the specific crime is enumerated in Penal Code section 644 such section cannot apply.

Counsel contends Penal Code section 644 being penal in nature must be strictly construed. (*People* v. *Ball*, 204 Cal. 241, 244 [267 P. 701]; *In re Connell*, 68 Cal.App.2d 360 [156 P.2d 483].) In the *Connell* case, the court stated (p. 363): "Section 644 is highly penal, and must be given a strict construction. [Citation.] And we are not disposed to extend

its scope by including therein offenses not specifically enumerated.''

The purpose of Penal Code section 245, subdivision (b), was to increase the penalty when the assault is perpetrated against a peace officer. It in no manner modified the nature of the crime, namely, assault with a deadly weapon upon a person. A peace officer is a person, the general term including the particular, and it would be a *reductio ad absurdum* to hold that the latter amendment which had the effect of dividing the prior crime into two categories, stiffening the penalties as to one class, should be construed as an extension of the habitual criminal act to a new class of crime. In no sense is this an expansion of the habitual criminal act. Section 4 of the Penal Code is of assistance here: ''The rule of the common law, that penal statutes are to be strictly construed, has no application to this Code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice.'' The law should not be so construed as to result in a palpable absurdity. (*People* v. *Villegas,* 110 Cal.App.2d 354, 357-358 [242 P.2d 657]; *People* v. *Black,* 45 Cal.App.2d 87, 94 [113 P.2d 746].)

Subsequent to the appointment of counsel for defendant the latter filed a supplemental opening brief, a further supplement at a later date and a closing brief in propria persona in which he has presented a number of additional contentions. Court-appointed counsel and defendant urged that we consider these documents; we permitted them to be filed and have reviewed them. In them defendant contends: There were coerced confessions or admissions; he was denied witnesses; he was held incommunicado; documents in his possession were taken from him; papers relating to a prior conviction were left where the jury could see them; he should not have been charged with the same act more than once; the prosecutor was excessive in his impeachment; the bailiff gave news bulletins to the press from jury notes; and he was denied counsel in the preliminary hearing of another case.

We have examined the record and the detailed argument accompanying such presentations and find no merit in any of these contentions. The record reflects that there were no coerced confessions or admissions. No such contention was made at the time of trial. (*People* v. *Millum,* 42 Cal.2d 524, 526-528 [267 P.2d 1039].) The record does not reflect that defendant sought any process in the court below, nor does it indicate that the court refused or would have refused sub-

poenas. (*People* v. *Pike,* 183 Cal.App.2d 729, 733 [7 Cal. Rptr. 188].) No prejudice appears in defendant's purported claim that he was held incommunicado. There is no support for such claim in the record except a general reference thereto, but during such period defendant prepared and filed a petition in this court.

Defendant claims certain papers were taken from his possession and not returned. The sergeant in charge of the jail testified no such documents were removed. No specific contentions with respect to the purpose for which such documents might be used or be material were advanced. The trial court could reasonably have disbelieved defendant's testimony or believed it to have been fabricated to present legal error.

Defendant contends a record indicating his conviction of a prior felony was permitted to lie on the counsel table, where possibly it could have been viewed by the jury. The trial judge stated that there was nothing in the record to indicate from a distance, from the counsel table to the jury box, that there was any prejudicial content in such document, but advised that it be kept out of sight. We deem the court's disposition of the matter proper. (*People* v. *Kidd,* 56 Cal.2d 759, 768-769 [16 Cal.Rptr. 793, 366 P.2d 49].)

There was no violation of the one-act rule. The rule relates to double punishment, not to double conviction. It does not preclude the allegation of additional counts based on the same act. (*People* v. *McFarland,* 58 Cal.2d 748, 762-763 [26 Cal.Rptr. 473, 376 P.2d 449].) The court correctly imposed sentence only on one count.

The record discloses no error with respect to the prosecutor's conduct in interrogating defendant for impeachment purposes respecting prior convictions. (*People* v. *Jones,* 204 Cal.App.2d 722, 726-727 [22 Cal.Rptr. 499].) No error can be related to the use of note pads by the jurors. The procedure is endorsed by section 1137 of the Penal Code. The record shows no abuse in the procedure used. If any occurred it was the duty of defendant to draw the court's attention to it and have a record made of it. (*People* v. *Stanley,* 206 Cal.App.2d 795, 796 [24 Cal.Rptr. 128].) The claimed error relating to deprivation of counsel during an earlier Santa Clara County conviction 16 years before is not apparent from the record. In the trial of the instant case defendant admitted the prior conviction without reservation. If there was any validity to the contention it should have been corrected by an

appeal from that conviction. It cannot be raised for the first time on appeal here. (*People* v. *Justice*, 167 Cal.App.2d 616, 622 [334 P.2d 1031].)

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied December 18, 1963, and appellant's petition for a hearing by the Supreme Court was denied February 19, 1964.