**Carlos MARCELLO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20378.**

United States Court of Appeals
Fifth Circuit.

March 12, 1964.

Michel A. Maroun, Shreveport, La., Jack Wasserman, David Carliner, Washington, D. C., G. Wray Gill, New Orleans, La., for appellant.

Harry T. Alexander, Atty., Dept. of Justice, Washington, D. C., Peter E. Duffy, Edward Malenof, Asst. U. S. Attys., Louis C. LaCour, U. S. Atty., New Orleans, La., Shellie F. Bowers, Atty., Department of Justice, Washington, D. C., for appellee.

Before HUTCHESON and BELL, Circuit Judges, and BREWSTER, District Judge.

HUTCHESON, Circuit Judge.

This is an appeal from a denial of a petition in the nature of a writ of error *coram nobis*. The appellant, Carlos Marcello, seeks to vacate an October 29, 1938 conviction of the Marihuana Tax Act of 1937, on the grounds that on the day of conviction he was not represented by counsel and he did not waive his right thereto.

The district judge denied the petition, writing two opinions in connection with its denial. The first, dated March 9, 1962, is reported as United States v. Carlos Marcello, D.C., at 202 F.Supp. 694, et seq., the second, from which this appeal comes, D.C., at 210 F.Supp. 892 et seq. These two opinions fully and carefully stated and exhaustively canvassed and decided against the movant the question presented by his petition.

The appellant on page 15 of his brief states:

"The issue presented herein is whether appellant pleaded guilty on October 29, 1938, in the absence of his counsel, Warren O. Coleman, without an intelligent or competent waiver of counsel."

In summary, appellant's position is that the trial court applied an improper burden of proof, and that his findings were clearly erroneous.

The salient facts are carefully and correctly stated in the two opinions. They may be thus summarized: Carlos Marcello was charged in a two count indictment, returned by the Grand Jury of the United States empaneled, sworn, and charged at New Orleans, Louisiana, for violations of the Marihuana Act of 1937. Marcello appeared in open court with counsel, W. O. Coleman, now deceased, on May 2, 1938, and entered a plea of not guilty. This case was called on June 6, 1938, and continued indefinitely at the request of J. Skelly Wright, who was the Assistant United States Attorney at that time. On October 29, 1938, a Saturday, Marcello in open court changed his plea to guilty before Circuit Judge Rufus E. Foster, and was sentenced to one year and one day by Judge Foster. The judgment and commitment signed by Judge Foster recites that Marcello was represented by counsel at the October 29, 1938 hearing. The minute entry of the court shows that Marcello appeared with counsel, named W. O. Coleman. Marcello has completely served his sentence for violation of the Marihuana Tax Act of 1937. Deportation proceedings were instigated against Marcello, and a deportation order has been rendered against Marcello as an undesirable alien. This deportation order was based upon the 1938 marihuana conviction. The deportation order was rendered after a prolonged litigation ending in the United States Supreme Court, Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107.

Marcello attacked the constitutionality of his October 29, 1938 conviction for the first time on September 25, 1961, by a petition in the nature of a writ of error *coram nobis*.

The appellee contends the trial court committed no error in finding that the greater weight of credible evidence, the parole report, the judgment and commitment, and the testimony of Judge J. Skelly Wright and Judge Herbert W. Christenberry, support the presumption of regularity of the judgment and commitment of Marcello.

 It is our opinion that the trial court correctly held the appellant had a "severe burden of proof" or a "heavy burden" to overcome the presumption of regularity of the federal court records. The other arguments question the trial court's findings of credibility of the witnesses and weight to be given the evidence. There is evidence in the record to justify the findings.

We find no error in the judgment of the trial court, and it is affirmed.