**John HERRING, Appellant,**

v.

**PEOPLE OF the STATE OF CALIFOR-NIA et al., Appellees.**

**No. 22547.**

United States Court of Appeals
Ninth Circuit.
April 28, 1969.
As Amended May 21, 1969.

John Herring, in pro. per.

Thomas C. Lynch, Atty. Gen., San Francisco, Cal., for appellees.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

This is an appeal in propria persona from a denial of a petition for a writ of habeas corpus filed by a state prisoner. No hearing was held by the district court. The record of the state trial was not an exhibit below, and is therefore not before us now.

Appellant raises some twelve substantive grounds on this appeal, at least one of which relates to a codefendant, and asks for an "advisory opinion" on another point. We do not reach the merits, but remand on procedural grounds alone.

A federal court may accept the determination of a state court as to constitutional rights, but only after reviewing the state proceedings to ascertain that all federal standards have been met. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) sets general guidelines for such a review. See also Wright v. Dickson, 336 F.2d 878, 881 (9th Cir. 1964); Pike v. Dickson, 323 F.2d 856, 859 (9th Cir. 1963).

The district court here recognized in its Memorandum of Decision that it did not consider or have available *the full record* of the trial in the state court.

> "The proceeding for habeas corpus relief is before this court upon the petition, respondent's return, petitioner's traverse, supplementary traverse *and the transcript of the trial proceedings as cited by petitioner and by the California District Court of Appeal,* Second Appellate District, No. 9963 in its opinion * * * affirming the judgment of conviction." (C.T. 158. Emphasis added.)

The district court was required to examine the entire record to determine if "a full and fair state evidentiary hearing [resulted] in reliable findings." If so, it should ordinarily accept the facts

found in the hearing. *Townsend, supra,* p. 318, 83 S.Ct. p. 760. Petitioner's constitutional grounds depend primarily on fact-finding decisions: for example, his unlawful search and seizure claim and his Henry v. Mississippi (379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965)) waiver point. The district court is required to itself apply, independently, the applicable federal law to the state court fact findings. *Townsend, supra* at 318, 83 S.Ct. p. 759. The district court could not do this without the essential, and preferably the whole, state court record before it (assuming such record, or—in the words of Townsend v. Sain—"some adequate substitute, such as a narrative record," is available). *Id.* at 319, 83 S.Ct. p. 760. *See also* 28 U.S.C. § 2254 (d), and its legislative history. Pub.L. 89–711, § 2, 80 Stat. 1105.

We reverse and remand for further proceedings consonant with this decision.