Wallace Dean CLINE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 27077
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

June 3, 1969.

Wallace Dean Cline, pro se.

William W. Justice, U. S. Atty., Carl Roth, Asst. U. S. Atty., Beaumont, Tex., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM :

■ Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

■ Wallace Dean Cline appeals from the district court's denial of his motion to vacate judgment and sentence, 28 U.S.C. § 2255. We affirm.

Cline is attacking a judgment of conviction for a Dyer Act violation, 18 U.S.C. § 2312, based upon his plea of guilty entered nearly twenty five years ago, September 6, 1944. Moreover, the sentence was completely served more than twenty years prior to the filing of this § 2255 motion. Cline is presently serving several life sentences at Folsom Prison in California, but he did not allege in his § 2255 motion that these sentences were in any way enhanced by the Dyer Act conviction.

The District Court denied § 2255 relief without an evidentiary hearing, on grounds that the appellant was not in federal custody. This was undoubtedly correct. The Supreme Court has recently held that an application for habeas corpus is not rendered moot by the unconditional release of the prisoner. Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. There, however, the prisoner was *in custody at the time the petition was filed.* Section 2255, however, expressly requires that the applicant be confined by authority of the judgment and sentence of which he complains. Heflin v. United States, 1959, 358 U.S. 415, 420–422, 79 S.Ct. 451, 3 L.Ed.2d 407.

The denial of § 2255 relief is, therefore, affirmed.

We do not have properly before us and thus do not decide whether Cline might have been entitled to coram nobis relief if, as a fact, the California sentences were enhanced because of the fed-

eral conviction, see United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Marcello v. United States, 5 Cir., 1964, 328 F.2d 961, cert. denied 377 U.S. 992, 84 S.Ct. 1916, 12 L.Ed.2d 1045; Azzone v. United States, 8 Cir., 1965, 341 F.2d 417, cert. denied 381 U.S. 943, 85 S.Ct. 1782, 14 L.Ed.2d 706.

Affirmed.