**Wallace Dean CLINE, Petitioner,**

v.

**Walter CRAVEN, Warden, Respondent.**

**Civ. No. 69–104.–AAH**

United States District Court,
C. D. California.

Dec. 17, 1969.

**998**

---

Wallace Dean Cline, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Howard Lee Halm, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is a State prisoner incarcerated at the California State Prison at Folsom. Petitioner was convicted by a jury of assault with a deadly weapon on a police officer in violation of Calif. Penal Code § 245(b) (West, 1957), and in 1962, after he admitted two prior felonies, a 1947 robbery and a 1955 burglary conviction, he was sentenced by the Superior Court for the County of Los Angeles to life imprisonment as a habitual criminal, Calif. Penal Code § 644(a) (West, 1957). The conviction was affirmed by the California Court of Appeal, Second Appellate District, People v. Cline, 222 Cal.App.2d 597, 35 Cal.Rptr. 420 (1963), and a hearing was denied by the California Supreme Court. In 1964, he filed a Petition for Writ of Habeas Corpus in the United States District Court, Northern District of California, Civil No. 8792, in which Petitioner alleged that he was deprived of his right to counsel in the 1947 conviction, which was used to augment his 1962 sentence pursuant to the habitual criminal statute. Judge Sherrill Halbert denied the Petition and a certificate of probable cause was denied by the United States Court of Appeals, Ninth Circuit. In 1967, the California Court of Appeal, Third Appellate District, In re Cline, 255 Cal.App.2d 115, 63 Cal.Rptr. 233 (1967), denied another petition for writ of habeas corpus, and the California Supreme Court denied a hearing.

Seven contentions concerning the 1962 conviction and sentence are presented:

1) That Petitioner was denied his Fifth and Fourteenth Amendment rights because statements were admitted at his trial that were elicited by police interrogation while Petitioner was in the hospital in "critical condition".

2) That he was denied "due process" because evidence was confiscated, he was confined in a small jail cell during the time when he was attempting to prepare a defense, and he was denied the right to counsel.

3) That he was denied the right of compulsory process for obtaining witnesses.

4) That he was denied "due process" because an allegedly invalid Nevada conviction was placed on the counsel table in full view of the jurors.

5) That he was denied counsel in the 1947 conviction that was used to augment the 1962 sentence pursuant to the California Habitual Criminal Statute, Calif. Penal Code § 644(a) (West, 1957).

6) That the habitual criminal statute was incorrectly applied to him.

7) That he was denied "due process" because he was denied the right to a complete appeal when he was allegedly restrained from filing a petition for writ of certiorari in the United States Supreme Court.

After reviewing the Petition, the Response, the numerous exhibits attached to the Response, and the two published and one unpublished opinions involving Petitioner's 1962 conviction and sentence, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons.

Petitioner's first claim, that he was denied his Fifth and Fourteenth Amendment rights by the admission of the statements elicited from him at the hospital, is without merit. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are not applicable to Petitioner's 1962 conviction because the two decisions are not retroactive. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The pre-*Miranda* law dealing with involuntary confessions does not require us to hold that it was error to admit the hospital statements, particularly since Petitioner does not present any facts that show the statements were coerced. See In re Cline, 255 Cal.App.2d 115, 63 Cal.Rptr. 233 (1967).

Contentions two through six were presented on appeal to the California Court of Appeal, Second Appellate District, 222 Cal.App.2d 597, 35 Cal. 420 (1963), and were determined to be without merit. The Court's findings were set forth in an exhaustive written opinion, 222 Cal. App.2d at 600–602, 35 Cal.Rptr. at 422–423:

"Subsequent to the appointment of counsel for defendant the latter filed a supplemental opening brief, a further supplement at a later date and a closing brief in propria persona in which he has presented a number of additional contentions. Court-appointed counsel and defendant urged that we consider these documents; we permitted them to be filed and have reviewed them. In them defendant contends: There were coerced confessions or admissions; he was denied witnesses; he was held incommunicado; documents in his possession were taken from him; papers relating to a prior conviction were left where the jury could see them; he should not have been charged with the same act more than once; the prosecutor was excessive in his impeachment; the bailiff gave news bulletins to the press from jury notes; and he was denied counsel in the preliminary hearing of another case.

"We have examined the record and the detailed argument accompanying such presentations and find no merit in any of these contentions. The record reflects that there were no coerced confessions or admissions. No such contention was made at the time of trial. (People v. Millum, 42 Cal.2d 524, 526–528, 267 P.2d 1039.) The record does not reflect that defendant sought any process in the court below, nor does it indicate that the court refused or would have refused subpoenas. (People v. Pike, 183 Cal. App.2d 729, 733, 7 Cal.Rptr. 188.) No prejudice appears in defendant's purported claim that he was held incommunicado. There is no support for such claim in the record except a general reference thereto, but during such period defendant prepared and filed a petition in this court.

"Defendant claims certain papers were taken from his possession and not returned. The sergeant in charge of the jail testified no such documents were removed. No specific contentions with respect to the purpose for which such documents might be used or be material were advanced. The trial court could reasonably have disbelieved defendant's testimony or believed it to have been fabricated to present legal error.

"Defendant contends a record indicating his conviction of a prior felony was permitted to lie on the counsel table, where possibly it could have been viewed by the jury. The trial judge stated that there was nothing in the record to indicate from a distance, from the counsel table to the jury box, that there was any prejudicial content in such document, but advised that it be kept out of sight. We deem the court's disposition of the matter proper. (People v. Kidd, 56 Cal.2d 759, 768–769, 16 Cal.Rptr. 793, 366 P.2d 49.)

\* \* \* \* \* \*

"The claimed error relating to deprivation of counsel during an earlier Santa Clara County conviction 16 years before

is not apparent from the record. In the trial of the instant case defendant admitted the prior conviction without reservation."

In addition, Petitioner presented two of the same contentions in his petition for habeas corpus that was filed and denied in the Court of Appeal, Third Appellate District, 255 Cal.App.2d 115, 63 Cal.Rptr. 233 (1967). Petitioner, who was represented by appointed counsel, alleged that there was error in his 1962 trial because the judge admitted his hospital statements and incorrectly ruled that he was a habitual criminal pursuant to Calif. Penal Code § 644(a) (West, 1957). The Court of Appeal rejected both of these grounds and denied the writ of habeas corpus. The United States Supreme Court denied certiorari, Cline v. California, 392 U.S. 938, 88 S.Ct. 2311, 20 L. Ed.2d 1397 (1968).

Petitioner has not established by convincing evidence that the factual determinations by these two California Courts of Appeal were erroneous. Consequently this Court now finds that Petitioner has not overcome the presumption that the conclusions expressed in the State Courts' written opinions are correct, as required by 28 U.S.C. § 2254(d) (Supp., 1967), which provides:

"(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction * * * evidenced by * * * reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, * * *

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State Court hearing;

\* \* \* \* \* \*

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding."

From our examination of the relevant facts and proceedings in the State courts, it now appears that Petitioner's second, third, fourth, fifth and sixth contentions were adequately litigated, that the State process gave fair consideration of the issues and of the evidence, and that the State court made determinations which are supported by substantial evidence. This Court is satisfied that the State decisions were fairly rendered, that a just determination of this controversy has been reached, and that all Federal standards have been met. Herring v. California, 411 F.2d 604 (9th Cir., 1969).

In the seventh contention Petitioner alleges that in 1964 he was somehow held incommunicado and was thereby prevented from filing a petition for writ of certiorari in the United States Supreme Court. The published opinion of the California Court of Appeal, Second Appellate District, shows that Petitioner was represented by counsel on appeal, and that "A petition for a rehearing was denied December 18, 1963, and a petition for a hearing by the [California] Supreme Court was denied February 19, 1964." 222 Cal.App.2d at 602, 35 Cal. Rptr. at 420. In view of these numerous appeals when he was represented by counsel, 222 Cal.App.2d at 598, 35 Cal. Rptr. 420, and the fact that the California Court of Appeal, Second Appellate District, found frivolous a similar claim that Petitioner had been held incommunicado prior to the 1962 trial, 222 Cal.App.2d at 601, 35 Cal.Rptr. 420, this Court does not have any difficulty in declaring the seventh contention to be without merit. Since Petitioner did not present the seventh contention in any earlier attempt to

get post-conviction relief, this Court is strengthened in its belief he was not held incommunicado and his seventh contention is a complete fabrication.

The present Petition is the second application for Writ of Habeas Corpus filed by Wallace Dean Cline in the United States District Court. In 1964, Cline filed a Petition in the Northern District of California, Civil No. 8792, in which he alleged that he was deprived of the right to counsel in the 1947 conviction that was used to augment his sentence under the State habitual criminal statute. It is clear from an examination of the Petition filed in the Northern District and from the Court's Memorandum and Order denying the Petition, that Cline did not present all of the allegations that he had previously presented in his 1963 State appeal.

In the present second attempt at Federal post-conviction relief, Petitioner alleges most of the allegations included in the 1963 State appeal, and this Court believes that the belated presentation of these new grounds demonstrates that Petitioner deliberately withheld the newly asserted grounds and otherwise abused the Writ of Habeas Corpus. 28 U.S.C. § 2244(b) (Supp., 1967); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

From the preceding analysis of Petitioner's contentions, it is apparent that there are no grounds or reasons of any kind to grant an evidentiary hearing, or to support the issuance of a writ of habeas corpus. Petitioner is not entitled to any relief since he does not demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (3) (1959); In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); and Martinez v. Wilson, 357 F.2d 173 (9th Cir., 1966).

Therefore, it is hereby ordered that the Petitioner for Writ of Habeas Corpus be, and the same is, denied; and further that a copy of the papers in this proceeding be forwarded immediately to the California Adult Authority for consideration in connection with determination of Petitioner's rehabilitation and eligibility for release from custody.