**Wallace Dean CLINE, Petitioner,**

v.

**UNITED STATES of America.**

**Civ. No. 6589.**

United States District Court,
E. D. Texas,
Beaumont Division.

March 5, 1970.

## MEMORANDUM OPINION AND ORDER

FISHER, Chief Judge.

Leave to proceed in forma pauperis is granted, and the Clerk will file the petition.

Petitioner seeks to attack by writ of error coram nobis a judgment of conviction of a Dyer Act offense rendered by this Court on September 6, 1944. Service of the sentence was completed more than twenty-five years ago, and because he is no longer in federal custody the Petitioner's Motion to Vacate this same

sentence pursuant to 28 U.S.C.A. § 2255 was denied by this Court by order entered October 31, 1968. That order was affirmed by the Court of Appeals (Summary Calendar), 412 F.2d 323, June 3, 1969, in an opinion which concluded as follows:

"We do not have properly before us and thus do not decide whether Cline might have been entitled to coram nobis relief if, as a fact, the California sentences were enhanced because of the federal conviction, see United States v. Morgan, 346 U.S. 502, 74 S. Ct. 247, 98 L.Ed. 248 (1954); Marcello v. United States, 5 Cir. 1964, 328 F.2d 961, cert. denied 377 U.S. 992, 84 S.Ct. 1916, 12 L.Ed.2d 1045; Azzone v. United States, 8 Cir. 1965, 341 F.2d 417, cert. denied 381 U.S. 943, 85 S.Ct. 1782, 14 L.Ed.2d 706."

In United States v. Morgan the Supreme Court held that a prisoner who had been convicted of a state offense and sentenced to a longer term as a second offender because of a prior federal conviction had standing to show by motion for writ of error coram nobis that his federal conviction should be set aside on the ground that his constitutional right to counsel had been violated. This Petitioner similarly alleges that he was not advised of his constitutional right to assistance of counsel at the time he plead guilty to the offense charged. He is presently incarcerated in California state prison serving several sentences. He alleges that the 1944 sentence of this Court has been used to enhance his sentence under California law.

The relevant statute is § 3024 of the California Penal Code, which reads in pertinent part as follows:

The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence:

\*　　\*　　\*　　\*　　\*　　\*

(b) For a person previously convicted of a felony either in this State or elsewhere, and armed with a deadly weapon, either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, 10 years;

(c) For a person previously convicted of a felony either in this State or elsewhere, but not armed with a deadly weapon at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, five years;

(d) For a person convicted at one trial of more than one felony and upon whom are imposed cumulative or consecutive sentences the aggregate of the minimum terms of which exceed 10 years, 10 years;

\*　　\*　　\*　　\*　　\*　　\*

■ Petitioner states that in August, 1947, he was charged in Santa Clara, California, with several felony offenses and was subsequently convicted on five counts, receiving two consecutive sentences of five years to life. He further relates that in February, 1955, he was convicted of two more felony offenses; that in September, 1962, he was convicted of yet another felony offense. Any one of these prior felony convictions would be sufficient to invoke the provisions of the enhancement statute. One such prior conviction is sufficient; multiple offenses do not further increase the prescribed minimum term.

■ We realize that the writ of error coram nobis is properly used to attack convictions, notwithstanding the fact that the sentence has been completed, where collateral legal disadvantages survive satisfaction of the sentence. Byrnes v. United States, 408 F.2d 599 (9th Cir. 1969); Holloway v. United States, 393 F.2d 731 (9th Cir. 1968). Coram nobis is available as a post-conviction remedy to prevent "manifest injustice" even when removal of a prior conviction will have little present effect on the petitioner. Mathis v. United States, 369 F.2d 43 (4th Cir. 1966). But we think that before a petitioner may avail himself of coram nobis relief

he must be able to show some present or prospective adverse effect from an unconstitutional conviction. The Supreme Court said in *Morgan,* supra:

> "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." 346 U.S. at 511, 74 S.Ct. at 252.

On the basis of the facts alleged in this petition, it is clear that the erasure of this Dyer Act conviction of twenty-five years ago would hardly afford Petitioner any relief from the operation of the California enhancement statute. Neither would it in any way appreciably improve his prospects of parole or restoration of civil rights. Accordingly, we are of opinion that there do not exist in this case the "compelling circumstances" that justify resort to this extraordinary remedy in order to achieve justice.

For these reasons the Court is of the opinion and finds that this petition is frivolous and without merit. The Court is further of the opinion that it is within our discretion under these circumstances to deny the petition *sine die,* which we do hereby.

It is so ordered.