Sam **JILES**, Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 71–1236.

United States Court of Appeals,
Fifth Circuit.

May 10, 1971.

Sam Jiles, pro se.

Crawford C. Martin, Atty. Gen., Larry J. Craddock, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

▇ This appeal is taken from the district court's denial of habeas corpus relief to a Texas state prisoner. We affirm.[1]

The appellant was convicted of burglary in 1962, and as a third felonious offender, his punishment was assessed at life imprisonment pursuant to Texas's

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

**570**

habitual criminal statute. He now challenges the validity of his two 1947 convictions used to enhance his present sentence on the ground that he was denied his right to counsel at those court proceedings.

In response to appellant's habeas petition the State of Texas submitted the court records relative to the 1947 convictions which show the trial judge's marginal notations of the names "Catlin" and "Ingram". Although the records themselves fail to designate the names as the appellant's attorneys, the state filed an affidavit of the clerk of the court wherein the appellant was convicted, which states that such marginal notation was "a customary method of showing appointment of counsel on a plea of guilty" in 1947. The respondent also submitted an affidavit of the executive director of the State Bar Association which discloses that both Mr. Catlin and Mr. Ingram were practicing attorneys in Houston during 1947, but that both are now deceased.

■ We believe the district court was eminently correct in its ruling that "[u]nder the circumstances, * * * the State has made a good faith effort to show that petitioner was represented by counsel at his two 1947 proceedings. The unfortunate unavailability of both of petitioner's alleged attorneys and the mists that, after 23 years, inevitably becloud the minds of even the most retentive among us, would make an evidentiary hearing in this case a formal and futile gesture. Petitioner offers no more than his own unsupported declaration that he was not represented by counsel. The State, on the other hand, submits a written record, sworn by a public official to be capable of only one reasonable interpretation, and buttressed by circumstances that not only fully support this interpretation, but render any other rather unlikely. On the strength of the State's affidavits, petitioner's case must fail."

Accordingly, the judgment below is affirmed.

Affirmed.