**Harold Arrendondo ORTIZ, Appellant,**

v.

**Walter E. CRAVEN, Warden, Appellee.**

**No. 25200.**

United States Court of Appeals,
Ninth Circuit.

May 12, 1971.

Harold Arrendondo Ortiz, in pro. per.

Evelle J. Younger, Cal. Atty. Gen., William E. James, Asst. Atty. Gen., Ivan Hoffman, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before MURRAH,* ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Ortiz is a California state prisoner, convicted and sentenced for illegal possession of heroin for the purpose of sale. Cal. Health & Safety Code § 11500.5 (West 1964). He appeals the District Court's denial of his petition for a writ of habeas corpus.

Ortiz argues that there was no reasonable or probable cause for his arrest and that the evidence obtained from the ensuing search should have been excluded. The arresting officer, who had been assigned to a police Narcotics Division for over thirteen years, knew that great numbers of persons frequently visited Ortiz in his hotel, saw numerous scabs or "hype tracts" on Ortiz's arms, and recognized constricted eyes indicating that Ortiz was possibly

---

1. See N. L. R. B. v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Honorable Alfred P. Murrah, Senior United States Circuit Judge, Oklahoma City, Oklahoma, sitting by designation.

under the influence of narcotics. We cannot say that this was insufficient probable cause for an arrest. *See* People v. Herrera, 221 Cal.App.2d 8, 34 Cal.Rptr. 305 (1963); People v. Di Blasi, 198 Cal.App.2d 215, 18 Cal.Rptr. 223 (1961).

 To us, the prosecution's evidence that Ortiz possessed the heroin for sale seems weak, but this is not a question of federal constitutional dimension. Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). We find no constitutional error on the part of the trial judge or Ortiz's trial counsel. Although certain statements made by Ortiz about his parole violation may have been introduced for more than establishing probable cause for the arrest, our review of the record convinces us that the admission of this evidence was harmless, beyond reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Affirmed.