**Wallace Dean CLINE, Petitioner,**

v.

**Raymond PROCUNIER and Walter E. Craven, Respondents.**

**Civ. No. 70–686.**

United States District Court,
C. D. California.

June 14, 1971.

Wallace Dean Cline, in pro. per.

Evelle J. Younger, Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner was convicted by a jury of assault with a deadly weapon on a police officer in violation of Penal Code § 245(b), and possession of a sawed-off shotgun (Penal Code § 12020). He admitted two prior felony convictions, robbery in Santa Clara County in 1947, and burglary in Monterey County in 1955. On September 5, 1961, he was sentenced to the term prescribed by law on the first Count, no sentence on the second, and he was adjudged an habitual criminal, Penal Code § 644(a), and sentenced to life imprisonment. When this petition was filed, he was incarcerated in Folsom Prison, but has since been released from there.

The 1962 conviction was affirmed by the California Court of Appeal, People v. Cline, 222 Cal.App.2d 597, 35 Cal. Rptr. 420 (1963), and hearing was denied by the California Supreme Court. A Petition for Writ of Habeas Corpus was denied by the United States District Court, Northern District of California, in 1964, and a certificate of probable cause was denied by the United States Court, Court of Appeals, Ninth Circuit. The California Court of Appeal, Third Appellate District, denied a Petition for Writ of Habeas Corpus in In re Cline, 255 Cal.App.2d 115, 63 Cal.Rptr. 233 (1967), and the California Supreme Court again denied hearing. Another Habeas Corpus Petition was denied by the United States District Court, Northern District, in 1969, and this Court denied a similar Petition in Cline v. Craven, 310 F.Supp. 997 (C.D.Cal.1969). All of these Petitions challenged the validity of the 1947 Santa Clara conviction, with some reference to a 1943 Nevada conviction.

Petitioner here makes the following contentions:

1. The 1943 Nevada conviction, invalid on several grounds, was used to increase punishment in the 1947 Santa Clara and 1955 Monterey convictions.

2. The 1947 conviction violated his right of confrontation, and deprived him of the right to counsel.

3. The 1947 conviction was based on a *Bruton* violation in the use of a co-defendant's admissions.

4. There are false documents in his dossier which prison officials refuse to let him examine.

5. There is error in the record showing his sentence is "5–15 CC WPT & LIFE."

6. Various Adult Authority proceedings violated his rights in that (a) he was refused counsel; (b) he was asked to appear before representatives who were not members of the Adult Authority; and (c) his counselor is prejudiced against him.

■ After reviewing the Petition, the Response, points and authorities cited in support of each, exhibits attached, two published and two unpublished opinions in connection with Petitioner's State court proceedings, as well as previous Orders of the United States District Courts, published and unpublished, the Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons.

Subsequent to filing this Petition, an evidentiary hearing was granted this Petitioner in the Los Angeles Superior Court and both the 1943 Nevada and 1947 Santa Clara convictions were found to be invalid. That Court also noted that a 1944 Federal conviction, which Petitioner had unsuccessfully attacked in Cline v. United States, 311 F.Supp. 747 (E.D.Tex.1970), had been stricken by motion of the District Attorney and did not figure in any way in the 1962 conviction.

The Los Angeles County Superior Court issued a Writ of Habeas Corpus and ordered the 1962 judgment modified by striking the habitual criminal adjudication in Cline v. Craven #27,563, October 22, 1970. Thus the first three contentions advanced here, concerning the 1943 and 1947 convictions, are rendered moot, since Petitioner has been granted the relief he seeks here.

■ Although not specifically raised in this Petition, the Los Angeles Superior Court Order noted that Petitioner contended that the two priors attacked had been used to impeach him in the 1962 trial. Unfortunately, the State Court made no specific finding concerning this. These prior convictions which have now been held to be invalid were not presumptively void, and may be used for impeachment. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Moreover, there has been no challenge to the validity of the 1955 Monterey conviction, which would have been enough to impeach him when he testified in 1962. Finally, on direct appeal, previously cited, Petitioner conceded that there was ample evidence to sustain the 1962 conviction. In an earlier State rejection of Petition for Writ of Habeas Corpus (which declares that Petitioner had been impeached by four priors), the Court said of the 1962 conviction that there was "massive, immovable independent evidence of guilt." In re Cline, 255 Cal.App.2d 115, 124–125, 63 Cal. Rptr. 233, 240 (1967).

■ In light of the foregoing, since the evidence was so overwhelming against Petitioner, and since he was impeached by a valid conviction, if there was error in allowing impeachment by the convictions now invalidated, that error did not contribute to the verdict, and the entire record shows that it was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Ortiz v. Craven, 442 F.2d 418 (9th Cir. 1971).

Turning to the remaining contentions, Petitioner states that there are false and prejudicial documents in his dossier which he has not been permitted to examine because of actions by the prison officials. This allegation is purely conclusory, unsupported by any facts, and

leaves nothing on which this Court could act. Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970); Schlette v. California, 284 F.2d 827 (9th Cir. 1960).

The record shows the sentence being served by Petitioner was correct at that time. Petitioner was serving on his conviction in 1962 for Count I, violating Penal Code § 245(b). At that time, the penalty for such conviction by one with a prior felony conviction was not less than 5 years nor more than 15 years. The life term was imposed because of the habitual criminal adjudication, and, in view of the recent State Court ruling, will undoubtedly be changed to reflect the correct present status.

 Finally, Petitioner's complaints about the Adult Authority are equally without merit, since the constitutionality of those proceedings has long been recognized. Williams v. Dunbar, 377 F.2d 505 (9th Cir. 1967). (a) There is no constitutional right to counsel at Adult Authority hearings. Lincoln v. California Adult Authority, 435 F.2d 133 (9th Cir. 1970); Mead v. California Adult Authority, 415 F.2d 767 (9th Cir. 1969); Dunn v. California Department of Corrections, 401 F.2d 340 (9th Cir. 1968). (b) Hearings by representatives, expressly authorized under Penal Code § 5076.1, do not violate due process and are constitutionally proper. Head v. Chavez, 411 F.2d 1222 (9th Cir. 1969). (c) Respondent has furnished a copy of a letter from the Records Officer at Folsom Prison dated September 18, 1970, stating that the counselor about whom Petitioner complains is no longer in charge of his case, but that another has been assigned (Resp. p. 12). In addition, as noted earlier, it appears that the Petitioner is no longer at Folsom Prison, which also renders this contention moot.

Therefore, it is hereby ordered as follows:

1. The within Petition for Writ of Habeas Corpus is denied.