Wallace Dean CLINE, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 30170.

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1972.

Eldon L. Youngblood, Charles R. Haworth, Dallas, Tex., for petitioner-appellant.

James F. Parker, Jr., Asst. U. S. Atty., Beaumont, Tex., Roby Hadden, U. S. Atty., Tyler, Tex., for respondent-appellee.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

INGRAHAM, Circuit Judge:

Appellant, following the advice of this court in his previous appeal,[1] filed a petition for writ in the nature of coram nobis in the United States District Court for the Eastern District of Texas seeking to set aside a 1944 conviction of a Dyer Act, 18 U.S.C.A. § 2312, offense.

---

1. In his appeal from denial of post conviction relief under 28 U.S.C.A. § 2255, Cline v. United States, 412 F.2d 323 (5th Cir., 1969), we noted:

"We do not have properly before us and thus do not decide whether Cline might have been entitled to coram nobis relief if, as a fact, the California sentences were enhanced because of the federal conviction, see United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) ; Marcello v. United States, 5. Cir., 1964, 328 F.2d 961, cert. denied 377 U.S. 992, 84 S.Ct. 1916, 12 L.Ed.2d 1045 ; Azzone v. United States, 8 Cir., 1965, 341 F.2d 417, cert. denied 381 U.S. 943, 85 S.Ct. 1782, 14 L.Ed.2d 706."

Sentence imposed under this conviction has been fully executed.

■ As was indicated in United States v. Morgan, *supra*, a writ of error coram nobis is an available remedy to correct fundamental errors in a criminal case, even though the sentence imposed has been served. Rodgers v. United States, 451 F.2d 562 (5th Cir., 1971); Taylor v. Beto, 433 F.2d 979 (5th Cir., 1970); Lujan v. United States, 424 F.2d 1053 (5th Cir., 1970). The issue raised by appellant's petition was whether the 1944 conviction was invalid, and whether it had been used to enhance the sentences which Cline is presently serving.

The district court rejected appellant's petition without conducting an evidentiary hearing, stating:

"But we think that before a petitioner may avail himself of coram nobis relief he must be able to show some present or prospective adverse effect from an unconstitutional conviction. The Supreme Court said in *Morgan*, supra:

'Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.' 346 U.S. at 511, 74 S.Ct. [247] at 252.

On the basis of the facts alleged in this petition, it is clear that the erasure of this Dyer Act conviction of twenty-five years ago would hardly afford Petitioner any relief from the operation of the California enhancement statute. Neither would it in any way appreciably improve his prospects of parole or restoration of civil rights. Accordingly, we are of opinion that there do not exist in this case the 'compelling circumstances' that justify resort to this extraordinary remedy in order to achieve justice" Cline v. United States, 311 F.Supp. 747 (E.D., Tex.1970).

■■ Appellant here argues that his verified petition contained allegations which, if proved, would provide grounds for coram nobis relief. The district court, in appellant's view, therefore erred in denying an evidentiary hearing. In Lujan v. United States, supra, this circuit established a standard to determine under what circumstances an evidentiary hearing on a coram nobis petition could properly be denied. We there stated: "It is only where the files and records show that a petitioner is entitled to no relief that a hearing can be denied." 424 F.2d 1055. Accord, Waller v. United States, 432 F.2d 560 (5th Cir., 1970); Compare United States v. Carlino, 400 F.2d 56 (2nd Cir., 1968). We note in this case that all appellant lacked by way of an evidentiary hearing was his physical presence. The district court, in considering the petition, had before it the record of the 1944 proceeding (a guilty plea) and a verified petition and statement of Cline's case. As the sentencing judge and prosecuting attorney were both deceased at the time the evidentiary hearing was denied, there was no testimony beyond appellant's to be had. There was, therefore, simply no reason for the district court to conduct a hearing. Jiles v. Beto, 442 F.2d 569 (5th Cir., 1971). Moreover, an evidentiary hearing need not be held if, even granting the truth of a petitioner's allegations, no collateral consequences of the particular conviction have survived. Rodgers v. United States, supra. As the district court here noted, appellant's present sentence could have been enhanced to its present duration of life imprisonment by the record of any one of appellant's other convictions, expungement of the 1944 conviction would have no effect on appellant's present confinement. This court will not render a futile decree. Rodgers v. United States, *supra*.

The judgment of the district court is affirmed.