Milton L. JACKSON, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. A. No. 37569.

United States District Court,
E. D. Michigan, S. D.

Oct. 18, 1972.

Michael D. Gladstone, Asst. U. S. Atty., Detroit, Mich., for respondent.

MEMORANDUM AND ORDER

DeMASCIO, District Judge.

On June 3, 1958, the petitioner was charged by grand jury indictment with

selling, possessing and concealing narcotics in violation of 26 U.S.C. § 4705(a) and 21 U.S.C. § 174. On December 15, 1958, the petitioner appeared before the U. S. District Court and changed his plea from not guilty to guilty of the possession count of the indictment. The five-year sentence resulting from the guilty plea conviction has been completely served by the petitioner. The petitioner, however, is presently serving a ten-year sentence imposed by another judge of this court in 1970.

The petitioner filed a 28 U.S.C. § 2255 Motion requesting the court to expunge from his record the 1958 conviction. The petitioner contends that his plea was not voluntary because: (1) he did not understand the nature of the charge or the consequences of his plea, and (2) his plea was accepted without assistance of counsel and without knowledge on his part that he was entitled to court appointed counsel. We set forth below the entire transcript of the proceedings held before the district judge when petitioner offered his plea:

"THE COURT: Who is Milton Jackson?

"DEFENDANT: I is, sir.

"THE COURT: And I assume you are Arron Rivers?

"DEFENDANT: That is right.

"THE COURT: Do you represent them?

"MR. TURNER: I represent Rivers.

"THE COURT: Just Rivers. Well, are you able to speak for both of them, or does this other man Jackson want to represent himself?

"DEFENDANT JACKSON: No, sir. I don't want an attorney.

"THE COURT: What do you want to do today?

"DEFENDANT JACKSON: Plead guilty.

"THE COURT: You have pleaded not guilty. At this time do you want to plead guilty?

"DEFENDANT JACKSON: Yes, sir.

"THE COURT: Do you want to plead guilty because you really are guilty?

"DEFENDANT JACKSON: Yes, sir.

"THE COURT: Has anyone promised you anything for your plea of guilty?

"DEFENDANT JACKSON: No, sir.

"THE COURT: What about your client, Mr. Turner?

"MR. TURNER: If your Honor please, after conferring with Mr. Welday and talking with my client, my client has advised me he wishes to change his plea of not guilty and enter a plea of guilty to the second count, that of possession.

"THE COURT: You heard Mr. Turner, your lawyer, say you desire to plead guilty to the second count in the information, the count of possession?

"DEFENDANT RIVERS: Yes.

"THE COURT: You want to plead guilty to that count because you really are guilty?

"DEFENDANT RIVERS: Yes, sir.

"THE COURT: The Court will accept your plea of guilty to the second count and will accept the plea of defendant Jackson and refer both defendants to the Probation Department for presentence report. And the bonds may be continued on both?

"MR. WELDAY: We so request.

"DEFENDANT JACKSON: May I ask a question, sir? Will you please tell me what I am pleading guilty to?

"THE COURT: Don't you know what you are pleading guilty to?

"DEFENDANT JACKSON: Well, I thought he is pleading guilty to possession. Am I pleading guilty to possession too?

"THE COURT: Any objection, Mr. Welday?

"MR. WELDAY: None whatsoever. That is the second count.

"THE COURT: The first count I assume the Government is going to dismiss?

"MR. WELDAY: We will make the motion now.

"THE COURT: I will take the motion under advisement. Both bonds are continued."

The petitioner is no longer in custody for the 1958 conviction he now challenges, and, therefore, relief under § 2255 is not available to him. Igo v. United States, 303 F.2d 317 (10th Cir., 1962); Migdol v. United States, 298 F.2d 513 (9th Cir., 1961). Petitioner has really filed a motion in the nature of an application for writ of error coram nobis to vacate a federal conviction after service of the full term. We think the writ of error in the form of coram nobis is indeed available in district courts to attack the constitutionality of a conviction even in instances where the sentence has in fact been completely served. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Where the petition alleges compelling circumstances and when necessary to achieve justice, there is little doubt that such a writ may be used to attack the constitutionality of a conviction. United States v. Morgan, *supra*.

The government has filed a Motion to Dismiss on the basis that petitioner has not shown a compelling reason for the extraordinary remedy requested. The government alleges that petitioner failed to act on the 1958 conviction until long after service of that sentence and until after a subsequent conviction in 1970. Respondent argues that petitioner, now in custody for the 1970 conviction, was not sentenced as a recidivist and further has not made sufficient showing why the denial of the writ prejudices him. We note, however, that the government does not contend anywhere in its Motion to Dismiss that petitioner knowingly and voluntarily waived his right to counsel at the time of the plea, or that petitioner was in fact aware of the charge against him and the consequences of his plea.

If the petitioner was alleging only that he did not understand the nature of the charge or the consequences of his plea, we would be constrained to grant a hearing to permit the government to establish that the defendant did in fact know the nature of the charges and the consequences of his plea.[1] In dealing with guilty pleas, the Supreme Court has held that waivers of basic constitutional rights inherent in the taking of a plea must be voluntarily and intelligently made with knowledge of the apparent consequences. Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed. 2d 747 (1970); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).[2]

We find a more serious deficiency in petitioner's plea. Viewing the transcript of this plea, it is entirely clear that petitioner did not knowingly and intelligently waive his right to counsel. Moreover, it is clear from the face of the transcript that nowhere was petitioner advised that he had a right to counsel and that the court would appoint an attorney for him if he did not have funds to retain counsel. In view of this, we think a hearing would be futile. It may not be said that defendant's statement "No, sir, I don't want an attorney" could possibly amount to an independent waiver of counsel. The transcript reflects that petitioner is uneducated. This response was made after the court made inquiry whether the attorney representing petitioner's co-defendant was

---

1. This plea of guilty was offered prior to the Supreme Court's decision in McCarthy v. United States, 394 U.S. 459, 566, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). *McCarthy* would, under the circumstances, dictate the necessity for a hearing. Had the instant plea post-dated *McCarthy*, a hearing would not be required as the plea, on its face, fails to conform to the provisions of Rule 11, Federal Rules of Criminal Procedure.

2. A review of the transcript in this case reflects that petitioner asked the court: "May I ask a question, sir? Will you please tell me what I am pleading guilty to?" The transcript is devoid of any explanation by the trial court as to the nature of the charge and the consequence of petitioner's plea. Compare United States v. DeMario, 246 F.Supp. 786 (E. D.S.D.Mich., 1965).

able to speak for both. Petitioner's statement must be taken in that context. Without an intelligent waiver of counsel appearing on the face of the transcript, the denial of the right to counsel voids the conviction and coram nobis relief is appropriate. Farnsworth v. United States, 98 U.S.App.D.C. 59, 232 F.2d 59 (D.C.Cir., 1956); United States v. Morgan (on remand from 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248) 222 F.2d 673 (2nd Cir., 1955). The Supreme Court held in United States v. Morgan, *supra*, that:

> "Where it cannot be deduced from the record whether counsel was properly waived, we think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of coram nobis must be heard by the federal trial court." [3]

■■ The presence of counsel for an accused brought into court is absolutely essential to assure justice in our adversary system. Courts have long held that trial judges may not proceed to disposition of a criminal matter either by plea or trial to a jury unless and until they are satisfied that the accused knowingly and intelligently wishes to proceed without counsel. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Johnson v. Zerbst, *supra*.[4] It is not unusual for a court to strike down a guilty plea where the transcript shows on its face that the accused was not advised of his right to assigned counsel. That is, where the accused was not advised that if he did not have funds to retain an attorney the court would appoint one for him without cost to the accused. Harvey v. State of

Mississippi, 340 F.2d 263 (5th Cir., 1965); McDonald v. Moore, 353 F.2d 106 (5th Cir., 1965); Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633 (D.C. Cir., 1942). It is a well established rule that an accused must waive counsel intelligently and a waiver may not be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

■ It has also been held that the right to counsel does not depend upon a specific request. Swenson, Warden v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). An attorney representing a co-defendant may not be considered as effective representation if an objection is made. It may well be presumed that an uneducated defendant, before a trial court, may not be aware that objection could be made. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 467, 86 L.Ed. 680 (1942).

In Gideon v. Wainwright, *supra*, the Sixth Amendment guaranty of counsel was considered to be a fundamental right of an accused and the court alluded to the fact that in all criminal proceedings the accused shall enjoy the right of assistance of counsel. The court stated:

> "We have construed this to mean that in Federal courts counsel *must* be provided for defendants . . . *unless the right is competently and intelligently waived.*" (Emphasis added.)

This fundamental right to counsel has not been restricted to the trial court. The Supreme Court has likewise held that the right to counsel continues for an accused processing an appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 1493 (1967); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18

---

3. Cf. People v. McCullough, 300 N.Y. 107, 89 N.E.2d 335, cert. denied 339 U.S. 924, 70 S.Ct. 615, 94 L.Ed. 1346. Coram nobis was entertained when the trial court failed to advise the accused of his constitutional right to counsel; Hogan v. Court of General Sessions, 296 N.Y. 1, 68 N.E.2d 849—treating the failure to inquire whether defendant desired counsel.

4. For the extent of that inquiry see Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167.

L.Ed.2d 501 (1967); Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957).

Indeed an accused's right to counsel has been considered so fundamental and basic, courts are now pre-occupied with what may be additionally required to assure a fair trial. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (transcript on appeal); Bush v. Texas, 372 U.S. 586, 83 S.Ct. 922, 9 L.Ed. 2d 958 (1963) (right to psychiatric consultation); Mempa v. Rhay, 389 U.S. 128 (1967) (right to counsel at probation revocation hearing). See generally, 47 Minn.L.R. 1054 for a discussion of the right afforded an indigent defendant to assistance in addition to counsel.[5]

The government here asserts that the petition must set forth compelling reasons for this extraordinary remedy. Respondent argues that if this court allows this petition, the expunction of petitioner's 1958 conviction would have no effect unless petitioner is arrested in the future. Respondent argues that it may not then have any effect because the 1970 conviction would support a future sentence under the new Habitual Offenders Statute 21 U.S.C. § 851. But we think the petitioner does have compelling reasons. That petitioner may be re-arrested is always a possibility. There is no sound reason why petitioner should be compelled to rely upon the fact that another judge may or may not choose to sentence him under the Habitual Offenders statute. Not only may petitioner be re-arrested because of an offense he committed, but he may be arrested while totally innocent and the victim of mis-identification. Moreover, there are other statutes available in various states that compel Habitual Offender punishment in narcotic cases. Some of these statutes vary the punishment between second and third convictions. We think it would be an injustice to permit the possibility of this occurrence in the light of this glaring defect in petitioner's 1958 plea. We think these are " 'compelling circumstances' that justify [resorting] to this extraordinary remedy in order to achieve justice." Cline v. United States, 311 F. Supp. 747 (E.D.Tex.1970).[6]

It is, therefore, ordered that petitioner's writ in the nature of coram nobis is granted and petitioner's 1958 proceeding may not hereafter be used as a conviction.

5. The basic right to counsel was carried into the Criminal Justice Act. 18 U.S.C. § 3006(a) provides that ". . . every criminal case . . . other than a petty offense, . . . [he shall be advised] that counsel will be appointed to represent him if he is financially unable to obtain counsel."

6. A plea of guilty made without counsel has been held inadmissible for various reasons. White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).