Kenneth BURGETT, Petitioner-Appellant,

v.

STATE OF ALABAMA, Respondent-Appellee.

No. 75–1374
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 25, 1975.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Kenneth Burgett, pro se.

William J. Baxley, Atty. Gen., David W. Clark, Sam L. Webb, Jr., Asst. Attys. Gen., Walter S. Turner, Chief Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

■ Petitioner's sole contention in this habeas corpus action is that the State of Alabama denied his right to appointed counsel at the preliminary hearing stage of his trial for robbery in the state court. It is well established that the right to counsel applies to such proceedings. Coleman v. Alabama, 399

U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). In the proceeding below, however, the state submitted a docket entry by the official presiding at the pretrial hearing, which contained the following notation: "6/21/72 Def. Burgett, employed 15 months at C of Hsv. paying bondsman $75.00 per month, Doesn't want attorney. Waived attorney. Informed of consequences & that other attorney [counsel for codefendant] would not help him." If uncontroverted, or controverted only by petitioner's unsupported allegation, this notation would be sufficient to establish a waiver of counsel. See Webster v. Estelle, 5 Cir., 1974, 505 F.2d 926. Accordingly the District Court denied the petition for habeas corpus.

Since the District Court's denial of his petition, Burgett has acquired an affidavit from his codefendant's counsel, who was present at the preliminary hearing. The attorney states that Burgett did not waive his right to counsel, but rather that the hearing officer determined, incorrectly the attorney believes, that Burgett was not indigent and refused to appoint counsel for him. The affidavit also reveals that Burgett did have retained counsel at trial.[1]

■ There is no transcript of the preliminary hearing in the record, so we cannot determine whether the hearing officer concluded that petitioner did not want an attorney or rather that he was not indigent and thus not entitled to appointed counsel. Moreover, we cannot determine whether any finding of nonindigency made by the hearing officer was erroneous or whether Burgett was given sufficient opportunity after the finding of nonindigency to make further efforts to secure counsel. In light of the present state of the record, we believe these are questions which should first be considered by the District Court. See generally Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); United States v. Gregory, 5 Cir., 1973, 472 F.2d 484, 486.

---

1. The State of Alabama, in its brief on appeal, entirely ignores this affidavit, which petitioner attached to his pro se brief on appeal.

The judgment of the District Court is vacated and the cause is remanded for further proceedings consistent with this opinion.

Vacated and remanded.