Prado McGEE, Jr., Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 81–1498.

United States Court of Appeals, Fifth Circuit.

May 21, 1984.

---

.Prado McGee, Jr., pro se and James W. Rice, Houston, Tex. (Court-appointed), for petitioner-appellant.

Mark White, Atty. Gen., Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN and JOLLY, Circuit Judges, and MAHON *, District Judge.

PER CURIAM:

This case comes before our panel on remand from the en banc court. *McGee v. Estelle*, 722 F.2d 1206 (5th Cir.1984) (en banc). In our prior opinion, *McGee v. Estelle*, 704 F.2d 764 (5th Cir.1983), a majority of the panel voted to vacate the judgment of the district court and to remand this case with instructions that Prado McGee's section 2254 habeas corpus petition be dismissed. The majority believed that this result was required because of McGee's failure to exhaust state remedies with respect to the constitutional claims he sought to present in his habeas petition. Following the issuance of the panel opinion, a majority of the active judges of this court voted to rehear this case en banc. On rehearing en banc, this court held that the state may waive the exhaustion-of-remedies requirement, that it had done so in this case, and remanded the case to us for further proceedings. We now remand the case to the district court.

I.

In order to understand why we remand for further proceedings, a brief recitation of the facts is necessary. After a trial by jury, McGee was convicted by the State of ·Texas in 1977 of the theft of property valued between $200 and $10,000, a third-

---

* District Judge of the Northern District of Texas, sitting by designation.

degree felony, enhanced by two prior felony convictions, for theft in 1960 and for burglary in 1969. McGee was sentenced to life imprisonment. This was in accordance with requirements of the Texas Penal Code, which provide that if a convicted person is shown to have previously been finally convicted of two felony offenses, his sentence must be increased or "enhanced" and he shall be punished by confinement in the Texas Department of Corrections for life. Tex.Penal Code Ann. § 12.42(d) (Vernon 1974).[1] McGee's conviction was affirmed by the Texas Court of Criminal Appeals in an unreported per curiam opinion.

After failing to secure habeas relief in the state courts, McGee filed an application for habeas corpus in federal district court. He contended that the life sentence he received upon his 1977 conviction is invalid because the 1960 theft conviction was constitutionally infirm and consequently could not be used to enhance his sentence. He based this claim on his contention that he was denied assistance of counsel at the punishment phase of the 1960 trial and was not advised of his right to appeal the conviction. McGee further argued that his counsel was ineffective during the punishment phase of the 1977 trial because he failed to object to the admission of the 1960 conviction into evidence. The state sought dismissal of McGee's petition pursuant to Rule 9(a) of the section 2254 rules on the ground that the challenged conviction had occurred more than nineteen years before the first attack on it was made in Texas state court and that, therefore, the state had been prejudiced in its ability to respond to the petition by the delay in its filing.[2]

Acting on a magistrate's recommendation, the district court found that the pertinent time frame by which the state's claim of undue delay must be measured began when the 1960 conviction was used for enhancement purposes. The district court adopted the magistrate's findings that the 1977 conviction had not become final until November 15, 1978, and that measured from then, the filing of the petition had not been unduly delayed. The district court decided, however, that the petition lacked merit because, even if the 1960 conviction were invalid, the prosecutor had proved at least two other valid and final convictions.[3] The court also rejected for want of a showing of prejudice McGee's claim that his counsel in the 1977 trial had been ineffective in failing to object to the introduction of the 1960 conviction. McGee appealed, urging the same grounds as a basis for relief.

## II.

Further proceedings in this case would be unnecessary if we were able to conclude that the state's use of a constitutionally invalid 1960 theft conviction for enhancement purposes were harmless error. As we have noted, in the district court McGee argued both that his 1960 conviction was invalid and that his trial counsel was ineffective in 1977 because he failed to object to the introduction of that conviction. The district court, assuming that McGee's 1960 conviction was invalid, held that any error committed in using it for enhancement purposes was harmless. The district court relied on the existence of another prior valid felony conviction which, although unalleged in the indictment, had been proved

---

1. This subsection of the Texas Penal Code provides as follows:

 (d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he should be punished by confinement in the Texas Department of Corrections for life.

 Tex.Penal Code Ann. § 12.42(d) (Vernon 1974).

2. Rule 9(a) provides:

 A [habeas corpus] petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

3. The only prior convictions listed in the indictment were the 1960 and 1969 convictions.

during the sentencing phase of the trial.[4] It based its holding on dicta contained in *Webster v. Estelle*, 505 F.2d 926 (5th Cir. 1974), *cert. denied*, 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975). In its *Webster* dicta, this court said that if "enhancement could have been based on other convictions, reliance on an invalid one is harmless." *Id.* at 931. Because the existence of another prior valid conviction had been proved, the district court held that it was not necessary to consider the alleged invalidity of the 1960 conviction. For the same reason, it went on to hold that McGee's argument that counsel was ineffective failed for lack of a showing of "actual prejudice."

■ The question we must decide is whether the state may concede the invalidity of a particular conviction specifically alleged in the indictment for enhancement purposes, and substitute proof of an unalleged conviction, made at trial, in its place. To reach our decision, we must examine the method by which Texas is required to enhance McGee's sentence to life imprisonment. Of particular relevance to the question of how the Texas courts view the enhancement counts of an indictment is the Texas Court of Criminal Appeals' opinion in *Ex parte Augusta*, 639 S.W.2d 481 (Tex.Cr. App.1982). In that opinion, the court stated:

> By virtue of the clear terms of Sec. 12.42(d), ... a jury that sits at the punishment stage of a trial of a defendant sought to be classified and punished by the State as an habitual offender is not just meting out just deserts to that defendant, but actually is sitting as a trier of facts, the resolution of which may or may not result in the automatic assessment of the defendant's punishment at life imprisonment. In order to classify and punish a defendant as an habitual criminal, the State must not only allege in the charging instrument the primary offense, but additionally must allege that

the defendant has twice previously been convicted of felony offenses. The State consequently must prove at the guilt stage of the trial the defendant's guilt of the primary offense and must prove at the punishment stage of the trial, see Art. 37.07., V.A.C.C.P., that the defendant on trial is in fact the same defendant named in each of the alleged felony convictions and further must prove that the date of the offense which led to the second felony conviction was subsequent to the date the first felony conviction became final. Failure to prove all of these facts will nullify the punishment hearing. If the punishment hearing was before a jury, and there was error, then the defendant will be entitled to a new trial on the issue of guilt as well as punishment. If the hearing was before the trial court, and there was error, then the defendant will only be entitled to a new punishment hearing. Thus, the punishment hearing to decide the punishment of an alleged habitual offender not only resembles in all relevant respects a trial on the issue of guilt, it is itself a trial, with the trier of facts judging the issues by the standard of "beyond a reasonable doubt". It therefore has all of the hallmarks of a trial on guilt or innocence. *Bullington* [*v. Missouri*] supra, (Blackmun, J., Majority Opinion, 451 U.S. [430] at 439, 101 S.Ct. [1852] at 1858, 68 L.Ed.2d [270] at 279 [1981]). We conclude that the Legislature, by enacting the procedures which govern the making of the determination of whether the defendant on trial is an habitual criminal and thus entitled to be automatically assessed life imprisonment, intended that the State must prove its case against a defendant, as alleged in the charging instrument.

639 S.W.2d at 484–85. Therefore, in Texas, the state must prove the facts necessary to support a life sentence, as well as the facts

---

4. Under Tex.Code Crim.Proc. art. 37.07 (Vernon 1981), the state is allowed to prove the "prior criminal record" of an accused and, in doing so, is not limited to prior convictions alleged in the indictment for enhancement, if any. Here, ap-

parently the state introduced "pen packets" which included evidence showing that McGee, in addition to the 1960 and 1969 conviction, was convicted of burglary in Texas in 1955 and was sentenced to five years imprisonment.

relating to the defendant's guilt, beyond a reasonable doubt. *See also Jackson v. State*, 571 S.W.2d 1, 2 (Tex.Cr.App.1978).

 In reviewing the sufficiency of the evidence to support enhanced punishment on a due process challenge by a Texas prisoner in a federal habeas proceeding, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt the facts necessary to support the enhanced punishment. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *French v. Estelle*, 692 F.2d 1021, 1024 (5th Cir. 1982), *modified on other grounds*, 696 F.2d 318 (5th Cir.), *cert. denied*, —— U.S. ——, 103 S.Ct. 2108, 77 L.Ed.2d 313 (1983). In *Jackson v. Virginia*, the Supreme Court held that the question of sufficiency of the evidence "must be gauged in the light of applicable [state] law." 443 U.S. at 324, 99 S.Ct. at 2791. As noted above, the facts which the state must prove to support a life sentence, under section 12.42(d) of the Texas Penal Code, are the existence of two valid prior felony convictions which are alleged in the indictment, the second felony conviction being for an offense which occurred subsequent to the first felony conviction having become final.

 In this case, the facts which the state had to prove to support McGee's life sentence under section 12.42(d) were, as alleged in the indictment against him, a valid 1960 conviction and a valid 1969 conviction. Applying the *Jackson* standard with explicit reference to the facts which must be proven here, the constitutional invalidity of McGee's 1960 conviction, if true, would make it impossible for any rational jury to have found those facts beyond a reasonable doubt. Therefore, even though other unalleged convictions may have been

proven, the error in using the 1960 conviction to impose a life sentence, if that conviction were constitutionally invalid, could not be considered harmless.[5] As a result, remand is necessary.

On remand, however, the district court need not reach the question of the constitutional validity of the 1960 conviction if it decides that the state's Rule 9(a) motion should be granted.

### III.

 As noted above, in considering the state's Rule 9(a) motion, the district court found that the state's claim of undue delay began when the 1960 conviction was used for enhancement purposes, and because the 1977 conviction became final on November 15, 1978, the filing of the petition had not been unduly delayed. In dismissing the state's Rule 9(a) motion, the district court, acting without the benefit of our decision in *Marks v. Estelle*, 691 F.2d 730 (5th Cir. 1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 3090, 77 L.Ed.2d 1351 (1983), erred when it measured McGee's delay in challenging the constitutionality of his 1960 conviction from the date on which his 1977 conviction became final. The present record is inadequate for a determination of whether, applying *Marks*, McGee's delay was unreasonable and, if so, whether the state was prejudiced by that delay. Accordingly, should the district court find it necessary to determine whether the state's Rule 9(a) motion should be granted, it must conduct further proceedings which will enable it, applying *Marks*, to make a proper determination of that question.

If the state's Rule 9(a) motion is granted, the district court will have no need to reach the question of whether the 1960 theft conviction was constitutionally invalid.

---

**5.** If McGee's 1955 conviction which was introduced and proven during the 1977 trial's sentencing phase had been alleged in the indictment for enhancement purposes, two constitutionally valid convictions (1955 and 1969) alleged in the indictment would have been proven. Based on this, a rational trier of fact could

have found the facts necessary to support an enhanced life sentence under Texas law. In such circumstances, regardless of the fact that it had been alleged in the indictment for enhancement purposes, the constitutional invalidity of the 1960 conviction would not justify federal habeas corpus relief.

### IV.

McGee also claimed in his habeas petition that his counsel in his 1977 state trial had been ineffective in failing to object to the introduction of the 1960 theft conviction into evidence. To obtain habeas relief based on a claim of ineffective assistance of counsel, a petitioner must demonstrate prejudice. *See Washington v. Strickland,* 693 F.2d 1243, 1258 (5th Cir.1982) (en banc), *cert. granted,* —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983). To establish prejudice, a habeas petitioner must show that ineffective counsel "resulted in actual and substantial disadvantage to the course of his defense." *Id.* at 1262.

It appears to us that the district court on remand, however, should not be required in this case to reach the issue of ineffectiveness of counsel. The claim rests upon counsel's failure to object to the introduction of the 1960 conviction of the sentencing phase of the petitioner's trial. It is, therefore, inextricably tied to and controlled by the claim of infirmity in the 1960 conviction. This is true because, first, if the district court determines that the 1960 conviction cannot be attacked by the petitioner because of undue delay, it follows perforce that the petitioner is prevented from claiming ineffectiveness of counsel for the reason that the state would likewise be prejudiced in its ability to respond to whether the petitioner was prejudiced by the alleged ineffectiveness of counsel in failing to object to the 1960 conviction; in other words, the state would not have the opportunity to show that the conviction was in fact valid, and ineffectiveness of counsel, if any, in failing to object to the introduction of the conviction was harmless. Second, if the district court denies the state's Rule 9(a) motion and allows the petitioner to attack the 1960 conviction, but ultimately finds that the conviction was valid, it follows that counsel's failure to object to the introduction of that conviction was harmless. And third, if the district court allows the petitioner to attack his 1960 conviction and finds that the conviction is invalid, habeas relief will be accorded the petitioner on that basis, making it unnecessary to address the issue of ineffectiveness of counsel. We nevertheless leave it to the district court in the development of the case to make the ultimate decision as to whether it is necessary to address the ineffectiveness of counsel claim.

### V.

In conclusion, whether McGee is entitled to habeas relief turns initially on whether he unreasonably delayed in attacking his 1960 theft conviction and whether the state's ability to respond to his attack was prejudiced thereby, and, secondly, on whether the 1960 theft conviction was constitutionally invalid. We leave the course of the proceedings on remand to the sound discretion of the district court.

VACATED and REMANDED.