# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10340
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2015

Lyle W. Cayce
Clerk

MICKEY FRANK PRYOR,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-808

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mickey Frank Pryor, Texas prisoner # 1536612, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as barred by the limitations period of 28 U.S.C. § 2244(d). In support of his claims of error, Pryor argues that he properly filed a second state habeas application; the second application

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10340

tolled the limitations period pursuant to § 2244(d)(2); and, based on the tolling, his § 2254 petition was timely filed.

The record contains no proof that Pryor filed a second state habeas application, much less a properly-filed application that tolled the limitations period under § 2244(d)(2). Specifically, the state court records submitted in the district court, which are entitled to a presumption of regularity, *see Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974), do not contain the second application that Pryor purportedly filed. Pryor has never submitted the application, and the assertions made in this court, offered as proof of such a filing, are too vague to show he properly filed a second state habeas application. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Finally, the record, as supplemented by an unopposed motion, indicates that a second application was not part of the state court's official record and that there was no proof that Pryor ever filed one. In light of the foregoing, we find no error, plain or otherwise, in the district court's ruling regarding § 2244(d). *See Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012); *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.